STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>LVA IN THE MEDIA, an entity of unknown origin and nature; and ANTHONY CURTIS, an individual,<br><br>                    Defendants. | Case No.:  2:10-cv-1018<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

        Righthaven LLC ("Righthaven") complains as follows against LVA in the Media ("LVA") and Anthony Curtis ("Mr. Curtis"; collectively with LVA known herein as the "Defendants") on information and belief:

## NATURE OF ACTION

        1.        This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

## PARTIES

2.      Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3.      Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4.      Mr. Curtis is, and has been at all times relevant to this lawsuit, a resident of Nevada.

5.      LVA is, and has been at all times relevant to this lawsuit, an entity of unknown origin and nature.

6.      Attempts to find evidence of the formal organizational status in the respective Secretary of State offices of Delaware, California, Illinois, New York, Texas, Tennessee, and Nevada demonstrate that, at least with respect to these states, LVA is not a formally-organized business entity.

7.      Mr. Curtis is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant of the Internet domain found at <lvablog.com> (the "Domain").

8.      Mr. Curtis is, and has been at all times relevant to this lawsuit, identified by GoDaddy, as the administrative and technical contact for the Domain.

9.      Mr. Curtis is, and has been at all times relevant to this lawsuit, identified as the publisher of www.media.lvablog.com (the content accessible though the Domain and the Domain itself, collectively known herein as the "Website"), on the Website.

10.     As of June 7, 2010, LVA claims ownership of the copyright(s) in the literary works posted on the Website as evidenced by a copyright notice displayed on the Website: "© 2010.  LVA in the Media.  All rights reserved."

## JURISDICTION

11.     This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

2

12.     Righthaven is the owner of the copyright in the literary work entitled: "Survey says show prices down" (the "Work"), attached hereto as Exhibit 1.

13.     At all times relevant to this lawsuit, the Work depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

14.     The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

15.     On or about April 22, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2.

16.     At all times relevant to this lawsuit, the Infringement depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

17.     At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

18.     The subject matter, at least in part, of both the Work and the Infringement, is the attendance price of theatrical shows in Las Vegas, Nevada.

19.     At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Las Vegas, Nevada residents.

20.     The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

21.     Mr. Curtis purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

22.     LVA purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

## VENUE

23.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

24.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(3) and § 1400(a), because Mr. Curtis may be found in Nevada.


## FACTS

25.     The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

26.     Righthaven is the owner of the copyright in and to the Work.

27.     The Work was originally published on April 22, 2010.

28.     On May 26, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007145873 (the "Registration") and attached hereto as Exhibit 3 is evidence of the Registration from the official USCO database record depicting the occurrence of the Registration.

29.     No later than April 22, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

30.     The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

31.     The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.


## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

32.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 31 above.

33.     Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

34.     Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

4

35.     Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

36.     Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

37.     The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

38.     The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

39.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

40.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

41.     Mr. Curtis has willfully engaged in the copyright infringement of the Work.

42.     LVA has willfully engaged in the copyright infringement of the Work.

43.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

44.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.     Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' agents, servants, employees, attorneys, parents, subsidiaries, related companies,

partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2.      Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

a.      All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

b.      All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

c.      All financial evidence and documentation relating to the Defendants' use of the Work;

3.      Direct GoDaddy and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4.      Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5.      Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.      Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.      Grant Righthaven such other relief as this Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this twenty-fifth day of June, 2010.

RIGHTHAVEN LLC


By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff